## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAXUS REALTY TRUST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-0750-CV-W-ODS |
| v. | ) |
| | ) Civil Action |
| RSUI INDEMNITY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Maxus Realty Trust, Inc. ("Maxus") by and through its undersigned counsel as and for its Complaint against defendant RSUI Indemnity Company ("RSUI") states and alleges as follows:

## PARTIES

1. Maxus is a Missouri corporation with its principal place of business in North Kansas City, Missouri.

2. Upon information and belief RSUI is a New Hampshire corporation with its principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Moreover, this Court has personal jurisdiction over RSUI in this case as RSUI entered into an express contract with Maxus, a resident of this state, which is to be performed in whole or in part in this state.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the state of Missouri.

## FACTUAL ALLEGATIONS

### The Insurance Policy.

5. In consideration of premiums paid by Maxus, RSUI issued a commercial property insurance policy bearing the Policy No. N.H.D. 340601 (the "Policy"), attached hereto as **Exhibit A**.

6. The Policy, among other things, provides insurance coverage for physical loss or damage to certain properties owned by Maxus including, but not limited to, the apartment complex property located at 100 Waverly Drive, Bay St. Louis, Mississippi.

7. The Policy does not contain an exclusion that bars coverage in this matter.

### The Underlying Claim.

8. Maxus is the owner of the Property in Bay St. Louis, Mississippi (the "Property").

9. In August 2005 the Property suffered significant wind damage as a result of Hurricane Katrina (the "Claim").

10. Maxus promptly notified RSUI of its claim for damage to the Property.

11. Maxus has fulfilled all of its duties and conditions under the Policy with respect to the Claim.

12. The Claim is covered by the Policy.

13. RSUI has refused or anticipatorily refused to honor its contractual obligations to indemnify Maxus in connection with the Claim.

14. By refusing to recognize its contractual obligations to Maxus, in response to Maxus' notice of Claim, RSUI has breached, or threatened to breach, its contractual obligations to Maxus.

## COUNT I – BREACH OF CONTRACT

15. Maxus repeats and realleges the allegations set forth in paragraphs 1 through 14, as if fully set forth herein.

16. The Policy sold by RSUI provides Maxus with insurance coverage for loss and damage to the Property.

17. RSUI is obligated by its Policy to pay for the physical loss and damage to the Property.

18. RSUI has refused to accept its legal obligations to pay for the physical loss and damage to the Property.

19. RSUI has breached its obligation as set forth in the Policy covering Maxus by its failure to pay for loss and damage to the Property.

20. As a direct and proximate result of its breach of contract, RSUI has deprived Maxus of the benefit of insurance coverage for which substantial premiums were paid and thus has damaged Maxus.

## COUNT II – VEXATIOUS REFUSAL
## (MO. REV. STAT. §§ 375.296 AND 375.420)

21. Maxus repeats and realleges the allegations set forth in paragraphs 1 through 20, as if fully set forth herein.

22. Maxus is entitled to indemnity under the Policy for the loss and damage to the Property.

23. Maxus promptly and properly notified RSUI of its claim for indemnity resulting from loss and damage to the Property in August of 2005 as a result of Hurricane Katrina.

24. RSUI's failure to indemnify Maxus for the loss and damage to the Property was negligent and made without a reasonable basis.

25. RSUI has not acknowledged its contractual obligation to indemnify Maxus.

26. In its failure to indemnify, RSUI has acted to protect its own financial interests and disregard Maxus' rights.

27. RSUI, knowing that Maxus' demand for indemnity under the Policy at issue was wholly justified and valid, has in bad faith and in breach of the covenant of good faith and fair dealing withheld and denied benefits to Maxus under the Policy.

28. In failing to provide coverage to which Maxus is entitled, RSUI has acted wrongfully, unreasonably, and vexatiously.

29. Pursuant to Mo. Rev. Stat. §§ 375.296 and 375.420, this Court has statutory authority to impose additional damages and award attorneys' fees to Maxus.

30. As a result of the wrongful conduct of RSUI, as described above, RSUI is liable to Maxus for attorneys' fees, other costs, and additional damages pursuant to Mo. Rev. Stat. §§375.296 and 375.420.

### **REQUEST FOR RELIEF**

WHEREFORE, Maxus Realty Trust, Inc. demands judgment in its favor and against RSUI Indemnity Company as follows:

1. On Count I, that the Court enter a money judgment in favor of Maxus and against RSUI and award Maxus compensatory damages for RSUI's breach of its

- 4 -
CC 1734648v1
Case 4:06-cv-00750-ODS   Document 1   Filed 09/07/06   Page 4 of 5

insurance contract in an amount to be determined at trial, but in no event less than $75,000;

2. On Count II, that the Court enter a money judgment in favor of Maxus and against RSUI and award Maxus compensatory damages for RSUI's failure to provide coverage to Maxus pursuant to Mo. Rev. Stat. §§ 375.296 and 375.420 in an amount to be determined at trial, but in no event less than $75,000, including interest and special damages allowed under said statutes;

3. Pre-judgment and post-judgment interest on those amounts of indemnity costs which RSUI wrongfully refuses to pay Maxus;

4. All costs in bringing this action, including attorneys' fees; and

5. Such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michael J. Abrams
Michael J. Abrams    Mo. Bar No. 42196
mabrams@lathropgage.com
Stacy M. Andreas    Mo. Bar No. 36575
sandreas@lathropgage.com
LATHROP & GAGE L.C.
2345 Grand Boulevard, Suite 2500
Kansas City, MO 64108
(816) 292-2000
(816) 292-2001 FAX
ATTORNEYS FOR PLAINTIFF
MAXUS REALTY TRUST, INC.