IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MAXUS REALTY TRUST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0750-CV-W-ODS |
| | ) | |
| RSUI INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RSUI'S MOTION TO COMPEL DISCOVERY
## AND SUGGESTIONS IN SUPPORT

Defendant RSUI (Defendant), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, requests the Court compel Maxus Realty Trust, Inc. ("Maxus") to respond to RSUI's Second Requests for Production of Documents pursuant to Federal Rule of Civil Procedure 34, and in support of its Motion states:

1. On August 24, 2007, RSUI served Maxus by hand with Defendant's Second Set of Interrogatories and Requests for Production of Documents.

2. On September 24, 2007, RSUI received Maxus's responses to said interrogatories and requests for production.

3. Discovery closes today, September 25, 2007, which is also the deadline for raising discovery disputes with the Court. Counsel for RSUI attempted in good faith to contact counsel for Maxus, both via telephone and e-mail, to meet and confer regarding the issues discussed below in compliance with Federal Rule of Civil Procedure 26 and Local Rule 37.1, but was not able to reach counsel for Maxus. Counsel for RSUI also contacted the Court's Judicial Assistant to discuss compliance with Local Rule 37.1(a)(2) and was advised the Court was not available and to proceed with filing the motion.

### Maxus's Responses to Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 11

4. RSUI's Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 11 request production of various relevant materials. In response to each of theses requests, Maxus states: "The documents within our possession will be produced" or "All such documents will be produced."

5. Maxus has not yet produced said documents.

6. As today, September 25, 2007, is the close of discovery and the deadline for raising discovery disputes with the Court, RSUI respectfully requests this Court enter an Order requiring Maxus to produce all responsive documents, which Maxus has indicated it will produce, by October 5, 2007, which is two weeks prior to the dispositive motion deadline. RSUI further requests the Court include in its Order a provision permitting RSUI to subsequently raise with the Court any discovery disputes that may arise as a result of Maxus's production of such documents.

### Maxus's Response to Request for Production No. 10

7. In Request No. 10 requests Maxus produce "any and all documents addressing, mentioning, discussing, or relating in any way to possibly selling the Waverly Apartments [the subject property], including without limitation documents addressing, mentioning, discussing, or relating in any way to offers to sell or purchase the Waverly Apartments or listing the Waverly Apartments for sale, as discussed in Mr. McRobert's deposition at pp. 166, 168."

8. Maxus objected to Request No. 10, asserting it "seeks confidential business records which are also not calculated to lead to the discovery of admissible evidence."

9. Maxus's objection that the requested documents are "confidential business records" is not a valid objection warranting shielding these documents from production. RSUI is amenable to the entry of a suitable protective order with respect to such documents to the extent necessary. Regardless, RSUI, Maxus's insurer, will agree to maintain the confidentiality of such documents.

10. Maxus's unsupported objection that this request is "not calculated to lead to the discovery of admissible evidence" is without merit. A central issue of this case is the value of the Waverly apartments. As such, the requested documents, which may reveal offers to buy or sell, either before and after Hurricane Katrina, are relevant to Maxus's and potential buyers' valuations of the Waverly apartments. Additionally, to the extent offers to buy or sell occurred after Hurricane Katrina, such are relevant to the post-Hurricane value and damages sustained at the Waverly apartments. Mr. McRobert, CEO and president of Maxus, testified he believed two offers to buy the Waverly had been made, at least one of which appears to have been made after Hurricane Katrina. <u>See</u> Excerpts from Deposition of Mr. McRobert, attached as Exhibit A.

11. Accordingly, RSUI respectfully requests this Court enter an Order compelling Maxus to produce such documents, also by October 5, 2007.

WHEREFORE, for the foregoing reasons, defendant RSUI requests the Court grant its Motion to Compel pursuant to Rule 37 and compel Maxus to produce the documents sought by its motion, and any other relief this Court deems necessary, just, and proper.

SHOOK, HARDY & BACON L.L.P.

By:   s/Douglas S. Beck
     George E. Wolf, Mo. # 35920
     Douglas S. Beck, Mo. # 49984
     Kelly G. Bieri, Mo. # 59060

2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone:   (816) 474-6550
Facsimile:   (816) 421-5547

and

CLAUSEN MILLER P.C.
Courtney E. Murphy, *admitted pro hac vice*
David A. Group, *admitted pro hac vice*
One Chase Manhattan Plaza, 39th Floor
New York, New York 10005
Telephone:   (212) 805-3908
Facsimile:   (212) 805-3939

ATTORNEYS FOR DEFENDANT
RSUI INDEMNITY COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2007, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

    Michael J. Abrams, Esq.
    Lathrop & Gage L.C.
    2345 Grand Blvd. Suite 2500
    Kansas City, Missouri 64108
    ATTORNEYS FOR PLAINTIFF
    MAXUS REALTY TRUST GROUP

    s/Douglas S. Beck
    Attorney for Defendant
    RSUI Indemnity Company

4