# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

MAXUS REALTY TRUST, INC.,     )
         )
     Plaintiff,        )
         )    Case No. 06-0750-CV-W-ODS
    v.             )
         )    Civil Action
RSUI INDEMNITY COMPANY,     )
         )
     Defendant,       )

## MAXUS REALTY TRUST, INC.'S RESPONSES TO
## RSUI INDEMNITY COMPANY'S FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff Maxus Realty Trust, Inc. ("Maxus") hereby makes the following objections and responses to RSUI Indemnity Company's ("RSUI") First Set of Interrogatories and Requests for Production of Documents.

## PRELIMINARY STATEMENT

1.      Discovery in this matter is proceeding. Maxus' objections and responses to RSUI's First Set of Interrogatories and Requests for Production are based on Maxus' investigation to date. Maxus reserves the right to supplement, modify, and/or amend these responses.

2.      Maxus' specific objections to each interrogatory are in addition to the general limitations and objections set forth in the next section. These limitations and objections form a part of each response and are set forth here to avoid the duplication and repetition of restating them for each response. Thus, the absence of a reference to a general objection should not be construed as a waiver of the general objection as to a specific interrogatory.

## GENERAL OBJECTIONS

Maxus hereby incorporates by reference, as if set forth therein, each of the following General Objections in its response to each of the individual interrogatory propounded by RSUI:

1.      Maxus objects to providing any information and documents in response to these interrogatories that are protected by the attorney-client privilege, the work-product doctrine, the environmental audit privilege, the consulting expert privilege, any other applicable privilege, immunity, protection or restriction or that is otherwise not discoverable under the Federal Rules of Civil Procedure.

2. Maxus objects to these interrogatories to the extent that they seek information and/or documents which were prepared, generated, or received in anticipation of or after the commencement of this litigation.

3. Maxus objects to these interrogatories to the extent they seek to elicit information that is protected by any confidentiality or nondisclosure agreement which is binding upon Maxus.

4. Maxus objects to responding to any of these interrogatories to the extent the information sought is within RSUI's knowledge and possession or of public record and is equally accessible and available to RSUI, on the grounds that said response would impose an unreasonable burden and expense upon Maxus.

5. Maxus objects to providing information in response to these interrogatories that is not relevant to this action or that is not reasonably calculated to lead to the discovery of relevant information or admissible evidence or that is beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure.

6. Maxus' investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. Maxus' responses to these interrogatories and requests for production of documents will be based only upon such information and documents as are available to and known to Maxus at the time of such response. Further independent investigation and analysis of the claims at issue in this action by Maxus may reveal additional information which is requested by RSUI. Maxus reserves the right to amend, modify and/or supplement any and all of its responses to these interrogatories as additional information is obtained or becomes available or known to Maxus.

7. Maxus objects to each interrogatory to the extent it seeks documents or information not within Maxus' possession, custody, or control. Maxus further objects to these interrogatories and requests for production of documents to the extent they seek information uniquely in the possession of RSUI.

8. Maxus objects to each interrogatory and request for production to the extent that it seeks documents or information constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information.

9. Maxus objects to each interrogatory and request for production to the extent it is vague, ambiguous, overly broad, or unduly burdensome.

10. Maxus objects to each interrogatory and request for production to the extent it is unlimited in time or otherwise not limited to a time frame relevant to this litigation and to the subject matter of this litigation on the grounds that such interrogatories and requests seek information neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Maxus further objects to each such interrogatory and request as overly broad and unduly burdensome.

11. Maxus objects to RSUI's "Definitions and "Instructions" to the extent they are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 3 of 27

admissible evidence, state legal opinions or conclusions, or impose obligations upon Maxus beyond the obligations imposed by the Federal Rules of Civil Procedure and/or the local rules of procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## DEFENDANT'S FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the person(s) providing the answers or any information used to answer these interrogatories and accompanying requests for production of documents.

**ANSWER:**    Answers to the Interrogatories were compiled by counsel with information provided by Mike McRobert and DeAnn Totta of Maxus Realty Trust.

**INTERROGATORY NO. 2:**

Please identify the owner(s) and/or operators of the Waverly Apartments, the management company responsible, contractually or otherwise, for managing, administering and overseeing the Waverly Apartments, the agency, department, etc., responsible for maintaining and repairing the Waverly Apartments; the agency, department, etc., responsible for establishing the budget for the Waverly Apartments; the agency, department, etc., authorized to solicit bids and retain contractors for the repair and or maintenance of the Waverly Apartments, and the date(s) the Waverly Apartments allegedly sustained loss or damage.

**ANSWER:**    The owner of the Waverly Apartments is held by Waverly Acquisition LLC as a subsidiary of Maxus Realty Trust, Inc. The property is managed by Maxus Properties, Inc. No "repair" has been made to the properties since August 29, 2005. Maxus Properties, Inc. was responsible for establishing the budget and soliciting bids for contractors for repairs and maintenance to the property. The Waverly Apartments sustained damages on August 29, 2005.

**INTERROGATORY NO. 3:**

Identify all insurance policies that provide or may provide any insurance coverage for the Waverly Apartments for the August 29, 2005 incident. Furthermore, for any claim made under said insurance policies, or to FEMA or any other entity for property damage or loss at the Waverly Apartments related to the August 29, 2005 incident, please state the date a claim was made and to whom, the amount of the claim, the type of damage giving rise to claim, the amount paid on any claim and the date of receipt of the payment, and identify all documents relating to each claim described above, including sworn statements in proof of loss, if any.

**ANSWER:**    The insurance policies that provide coverage for the Waverly Apartments for the August 29, 2005 incident are First Specialty Policy No. FCP115002336300, RSUI Policy No. NHD340601, Hartford Policy No. 87021510892004. Pursuant to Federal Rule of Civil Procedure 33(d) Maxus has or will produce documents which set forth the claims made to Hartford and First Specialty.

**INTERROGATORY NO. 4:**

Identify all mortgage companies or other entities or individuals having any interest in the Waverly Apartments, and the nature and extent of such interest, and identify all documents relating to or evidencing that interest.

**ANSWER:**    At present there is no lien or mortgage due or owed on the Waverly Apartments.

**INTERROGATORY NO. 5:**

Please state the dollar amount of plaintiff's claims for damages and how those damages are calculated. Please differentiate between damage to the building/structure, damage to personal property, lost business/rental income, extra expenses, as well as any other damages and also state how much has been paid by (a) First Specialty Insurance Company, (b) RSUI and (c) any other company that provided insurance for the above items.

**ANSWER:**     Pursuant to Federal Rule of Civil Procedure 33(d) plaintiff's damages may be calculated through review of the expert reports of Mr. Dye and Mr. Prelogar. Maxus has received payment from First Specialty Insurance Company in the amount of $600,000, from RSUI in the amount of $344,557, and from Hartford Insurance in the amount of $4,185,352.

## INTERROGATORY NO. 6:

Describe how the alleged loss or damage occurred at the Waverly Apartments, distinguishing between and separately identifying the loss or damage caused by or resulting from, wind, water or other perils and identify any facts supporting your description.

**ANSWER:**     Pursuant to Federal Rule of Civil Procedure 33(d) the loss sustained at the Waverly Apartments is set forth in the expert reports of Dr. Fitzpatrick, Mr. Hall, and Mr. Dye.

## INTERROGATORY NO. 7:

Identify all persons or entities that have inspected the Waverly Apartments since the date of loss, and/or investigated the alleged loss or damage sustained at the Waverly Apartments and identify all documents relating to such inspections or investigations.

## ANSWER:

(A)     The personnel from the management company, Maxus Properties, Inc., who inspected the Waverly Apartments since the date of loss are the following:

Jim Steinle, Construction Coordinator;

Mike McRobert, President;

Julie Hart, Regional Property Manager;

Kristi Lindsey, Property Manager;

Derrek Palacios, Lead Maintenance Supervisor;

John Saltarelli, Courtesy Officer;

David L. Johnson, CEO;

Rodney Berryman, Maintenance Supervisor at Arbor Gate.

(B)     The personnel from the reconstruction firm, Flagship Services, are listed below. Flagship Reconstruction prepared documentation assessing the damage loss at Waverly Apartment.

Cliff Chadwell, Vice President

(C)     The personnel from Burns & McDonnell who performed a professional site inspection and assessment of damages were the following:

Brian Synder, P.E., Senior Structural Engineer

C. Shawn Barham, P.E., Structural Engineer

(D)     Meteorology Expert:

Dr. Patrick J. Fitzpatrick, Professor of meteorology at the GEOResources Institute at the Stinnis Space Center, Mississippi State University

(E)     Forensics Engineering Expert:

Dr. Neil B. Hall, Ph.D., A.I.A. with Neil B. Hall & Associates, L.L.C., Building Performance, Failure Analysis, Damage Assessment, Slidell, LA

(F)     Reconstruction Expert:

David G. Dye with David G. Dye & Associates, Navarre, FL

(G)     RSUI personnel.

**INTERROGATORY NO. 8:**

Identify all estimates to replace or repair any of the allegedly damaged property at the Waverly Apartments and, with respect to each, please further state the amount contained in each repair or replacement estimate, the description of services to be performed or items to be repaired or replaced, the identity of each person or entity providing the estimates, the date of the estimate, and whether all, part, or none of the repairs or replacement were conducted.

**ANSWER:**     As noted above, no repair or replacement at the Waverly property has been conducted since August 29, 2005.   As previously provided, Mr. Dye has submitted his expert report regarding replacement costs.

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 7 of 27

**INTERROGATORY NO. 9:**

Please provide a complete explanation of any and all repairs that have been and/or are continuing to be performed by any company, firm or entity at the Waverly Apartments since the August 29, 2005 incident. If repairs have been or are being made, your answer should include: a) the name, address, telephone number and qualification of the persons who performed and/or are performing the repairs; b) the nature and details of the work; c) the amount actually incurred for the repairs; d) the date these repairs began; e) if the repairs have been completed, the date of completion; f) a description of the property, portion of the property (e.g., roof, foundation, etc.) or item repaired or replaced; g) a description of the repairs or replacements actually performed; and h) please further identify all documents relating to the repair or replacement, including receipts or other documentation evidencing payment. To the extent no repair efforts have been commenced or undertaken, your answer should include: a) the reasons for the insureds' failure to undertake repairs; b) what efforts, if any, were taken by the insured to protect the property and/or otherwise mitigate the loss and damage to the property; and c) if it is claimed the repair efforts have not been undertaken due to any directive or order of civil authority, please provide the local, municipal, state or federal order prohibiting repairs or maintenance of the property.

**ANSWER:**   No repairs at the Waverly Apartments property have been conducted since August 29, 2005. Plaintiff has not repaired the property due to its insurance carrier's failure to meet its indemnity obligations as set forth in the Complaint in this lawsuit. A security fence was erected to bar entry to the Waverly Apartments property.

**INTERROGATORY NO. 10:**

Please set forth in detail the bases for your allegations of vexatious refusal or bad faith against RSUI pursuant to R.S.Mo. Sections 375.296 and 375.420 and any other penalty statute in the handling/adjustment of your claims, including separately listing in detail precisely each and

every fact that supports those allegations, identifying all persons with knowledge of fact(s) that support the allegations, identifying all documents that support the allegations, and identifying all persons with whom you have consulted, reviewed, or discussed any of the allegations.

**ANSWER:**   Objection. Interrogatory No. 10 is an improper contention interrogatory which is also vague and overbroad. Notwithstanding these objections, see the allegations relating to vexatious refusal as set forth in its Complaint filed in this case.

## INTERROGATORY NO. 11:

Please describe the date, time, manner and supporting documentation of your demands for payment to RSUI for the alleged damages that form the basis of the instant suit. To the extent plaintiff contends that RSUI should have paid plaintiff prior to plaintiff's commencement of this action for their alleged loss or damage, state when the payment(s) should have been made and the amount(s) of such payment(s).

**ANSWER:**   Maxus made demand upon RSUI in May of 2006. Payments in excess of $6,000,000 should have been made within 30 days thereafter.

## INTERROGATORY NO. 12:

Provide an itemized statement of all damages sought against RSUI of any kind or nature whatsoever including, but not limited to, any and all compensatory damages, statutory damages, penalties, or attorney's fees, and identify all documents relating thereto.

**ANSWER:**   *See* answer to Interrogatory No. 5. Objection with respect to identifying attorney's fees. Notwithstanding the objection, Maxus states that attorney's fees have been incurred and are continuing.

## INTERROGATORY NO. 13:

Identify each provision of the RSUI Policy that you contend has been breached by RSUI. Please also identify the basis for your contention and all documents and witnesses which support your contention.

**ANSWER:**   Objection.  Interrogatory No. 13 is an improper contention interrogatory and also seeks an improper answer to a legal proposition.

## INTERROGATORY NO. 14:

Do you contend that any term, condition, limitation or exclusion contained in the RSUI policy is ambiguous?  If your answer is anything other than an unqualified "No," identify each term, condition, limitation and/or exclusion you contend is ambiguous, identify the basis for your contention, identify each person with knowledge of your contention and identify all documents which in anyway support your contention.

**ANSWER:**   Maxus cannot determine at this juncture whether a term, condition or limitation contained in the RSUI policy is ambiguous.  Maxus believes that it understands the terms of the RSUI policy.  However, in the event that RSUI presents an unexpected interpretation of the policy, such interpretation may lead to the conclusion that policy provisions are in fact ambiguous.

## INTERROGATORY NO. 15:

Do you contend that RSUI has waived its rights to assert and/or are estopped from asserting any term, condition, limitation or exclusion contained in the RSUI policy?  If your answer is anything other than an unqualified "No" identify each term, condition, limitation and/or exclusion that you contend RSUI has waived its right to assert and/or is estopped from asserting, the basis for your contention, each person with knowledge of your contention and identify all documents which in anyway support your contention.

**ANSWER:**   Objection.  Interrogatory No. 15 is an improper contention interrogatory and also seeks an improper answer to a legal proposition.

**INTERROGATORY NO. 16:**

Identify each person and/or entity who you believe might have information or knowledge relating to the facts or circumstance of your claim and/or the allegations of this lawsuit and provide a brief synopsis of the knowledge that you believe the witness possesses.

**ANSWER:** Objection. Interrogatory No. 16 is vague and overbroad.

**INTERROGATORY NO. 17:**

Identify each person and/or entity you believe might have information or knowledge relating to the condition of one or more of the properties just prior to the alleged loss. Additionally, identify any documents reflecting the condition of the Waverly Apartments just prior to the alleged loss.

**ANSWER:** Objection. Interrogatory No. 17 is vague and overbroad. Countless individuals have knowledge relating to the damage which occurred at the Waverly Apartments including its former residents. Notwithstanding this objection, Maxus has identified in its Rule 26 disclosures the individuals it believes who have relevant information to present to the Court at trial. *See also* the answer to Interrogatory No. 7 relating to Maxus Properties, Inc.'s staff. In addition, Maxus has previously produced its rent rolls (MAXUS00007 – MAXU00009) as of August 29, 2005 so as to identify and validate the occupancy of the residents of the Waverly Apartments.

**INTERROGATORY NO. 18:**

Identify any inspections and/or appraisals conducted during the five (5) year period prior to the alleged loss relating to areas of the Waverly Apartments that you allege later sustained loss or damage, and identify any documents relating to or evidencing such inspections or appraisals. Additionally, state whether the Waverly Apartments underwent any repair and/or replacement during the (5) five year period prior to the date of loss, and if so, state the nature and/or description of the repair or replacement; the cost of repair or replacement; the identity of the person or entity performing repair or replacement; the date of repair or replacement; and identify

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 11 of 27

all documents relating to the repair or replacement, including receipts or any other documentation evidencing payment.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d) *see*:

- Purchase appraisal conducted by CBRE CB Richard Ellis, dated July 7, 2004.

- Lender's inspection.

- Environmental Phase I conducted by Underground Environmental Services, Inc. dated July 13, 2004.

- Property Condition Assessment conducted by Underground Environmental Services, Inc. dated July 13, 2004.

- Note, the property was newly constructed in 2001.

The Waverly Apartment completed some minor repairs from the date of acquisition, up to the date of the Hurricane.

## INTERROGATORY NO. 19:

Identify each person and/or entity involved in the preparation and/or presentation of the RSUI claim and the calculation of plaintiff's alleged loss and as to each such person(s) or entities, describe their role with respect to same and identify all documents which relate to same.

**ANSWER:** *See* expert reports of Dr. Fitzpatrick and Messrs. Dye, Hall, and Prelogar.

## INTERROGATORY NO. 20:

Identify and describe any statements or alleged admissions made by RSUI, First Specialty Insurance Company, or any other insurer (or any of its agents, employees, or representatives) with regard to coverage under a policy of insurance for your alleged loss or damage and/or with regard to the amount of your loss or damage, including but not limited to, the sum and substance of each such statement or alleged admission, the name of the person(s) who made and/or witnessed such statement or alleged admission, the date such statement or

alleged admission was made, and whether such statement or alleged admission was made orally or in writing.

**ANSWER:**     Objection.   Interrogatory No. 20 is vague and overbroad.   The parties have exchanged correspondence and engaged in several settlement discussions including court-ordered mediation which are confidential.

## INTERROGATORY NO. 21:

Identify each person employed or previously employed by you or any other person who acted on your behalf with respect to the procurement of the policies of insurance issued by RSUI. As to each person identified, please describe in detail their role with respect to same and identify all documents relating to same.

**ANSWER:**

- John Alvey, Chief Financial Officer of Maxus Realty, Inc.
- Tim Presko, Tim Presko Insurance Agency, administrator or broker of the insurance policy.

## INTERROGATORY NO. 22:

Indicate whether you or anyone acting on your behalf obtained written or recorded statements from anyone as it relates to the incident made the basis of this litigation.  If any such written or recorded statements were obtained, please identify the person giving the statement, the person taking the statement, the date the statement was obtained and the custodian of the statement.

**ANSWER:**     No.

# SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF

## REQUEST FOR PRODUCTION NO. 1:

Please produce all documents identified in response to the Interrogatories propounded by RSUI and/or used in preparing such responses.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

## REQUEST FOR PRODUCTION NO. 2:

Please produce all documents referred to by you in preparing your Answers to the Interrogatories propounded by RSUI.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

## REQUEST FOR PRODUCTION NO. 3:

Please produce all documents relating to the loss or damage sustained by the Waverly Apartments, including, but not limited to, photographs, video or other recordings, electronic files, consultant reports, inspection reports, test reports, engineering reports, loss adjustment reports, estimates, invoices, correspondence, notes, memoranda, receipts, financial records and public adjuster files.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

## REQUEST FOR PRODUCTION NO. 4:

Please produce all documents relating to the loss or damage sustained by the Arbor Gate Apartments, including, but not limited to, photographs, video or other recordings, electronic files, consultant reports, inspection reports, test reports, engineering reports, loss adjustment

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 14 of 27

reports, estimates, invoices, correspondence, notes, memoranda, receipts, financial records and public adjuster files.

**RESPONSE:** Objection.  Requests with respect to Arbor Gate are not relevant to this dispute. Notwithstanding this objection, all such non-objectionable documents have been or will be produced.

## REQUEST FOR PRODUCTION NO. 5:

Please produce all documents relating or referring to all insurance policies that covered the Waverly Apartments from August 29, 2004 to the present, including, but not limited to the policies themselves, and any binders, certificates of insurance, applications or other documents evidencing insurance covering the property.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

## REQUEST FOR PRODUCTION NO. 6:

Please produce all documents relating or referring to all insurance policies that covered the Arbor Gate Apartments from August 29, 2004 to the present, including, but not limited to the policies themselves, and any binders, certificates of insurance, applications or other documents evidencing insurance covering the property.

**RESPONSE:** Objection.  Insurance relating to Arbor Gate Apartments is irrelevant to the dispute in this matter.

## REQUEST FOR PRODUCTION NO. 7:

Please produce all documents relating to any claims submitted to any insurance company or other entity for loss or damage occurring at the Waverly Apartments since August 29, 2005 including, but not limited to, correspondence relating to or reflecting payments received for such claims.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents relating to any claims submitted to any insurance company or other entity for loss or damage occurring at the Arbor Gate Apartments since August 29, 2005 including, but not limited to, correspondence relating to or reflecting payments received for such claims.

**RESPONSE:** Objection. Insurance relating to Arbor Gate Apartments is irrelevant to the dispute in this matter.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all documents evidencing monies paid to you by any insurer or other entity as a result of loss or damage occurring to the Waverly Apartments as a result of the August 29, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all documents evidencing monies paid to you by any insurer or other entity as a result of loss or damage occurring to the Arbor Gate Apartments as a result of the August 29, 2005 incident.

**RESPONSE:** Objection. Requests with respect to Arbor Gate are not relevant to this dispute. Notwithstanding this objection, all such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

Please provide any and all documents that support or relate to each element of damages claimed by you in this lawsuit, the total amount of each element of damages claimed, the amount of each element of damages you assert are caused by some action or inaction of RSUI, the

manner in which same have been computed, and the identity of any person who has assisted in the computation of those damages.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

Identify all damage to the Waverly Apartments that you contend was caused by Flood, as that term is defined in the First Specialty Insurance Company Policy.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 13:**

Identify all damage to the Arbor Gate Apartments that you contend was caused by Flood, as that term is defined in the First Specialty Insurance Company Policy.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 14:**

Identify all damage to the Waverly Apartments that you contend was caused by Wind.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

Identify all damage to the Arbor Gate Apartments that you contend was caused by Wind.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents detailing and calculating all repair costs or any other alleged damages.

**RESPONSE:** No repairs to the Waverly Apartments property have been completed since August 29, 2005. The remaining documents requested either have been already or will be produced.

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 17 of 27

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all documents reflecting costs, expenses, capital outlay, loans incurred, or other expenditures made to repair or replace the Waverly Apartments since the date of loss.

**RESPONSE:** No such documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents reflecting costs, expenses, capital outlay, loans incurred, or other expenditures made to repair or replace the Arbor Gate Apartments since the date of loss.

**RESPONSE:** Objection. Such documents are irrelevant to the dispute between the parties. Notwithstanding the objection, production will be made of the costs and related invoices associated with the reconstruction of the Arbor Gate Apartments.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents reflecting costs, expenses, capital outlay, loans incurred, or other expenditures made to repair or replace the Waverly Apartments during the five years prior to the date of loss.

**RESPONSE:** No repairs have been made to the Waverly Apartments since August 29, 2005. The property was newly constructed in 2001.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents reflecting costs, expenses, capital outlay, loans incurred, or other expenditures made to repair or replace the Arbor Gate Apartments during the five (5) years prior to the date of loss.

**RESPONSE:** Objection. Request for Production No. 20 is irrelevant in that it seeks information relating to the Arbor Gate Apartments which is irrelevant to the dispute between the parties. Notwithstanding the objection, some minor repairs were made to the Arbor Gate Apartments at the date of acquisition in 2004 until August 29, 2005. Documents listing these repairs and a depreciation schedule outlining the capitalized assets for Arbor Gate will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide any and all documents in you possession, custody, or control relating to any repair or replacement of the Waverly Apartments five (5) years prior to and following the August 19, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

Please provide any and all documents in you possession, custody, or control relating to any repair or replacement of the Arbor Gate Apartments five (5) years prior to and following the August 19, 2005 incident.

**RESPONSE:** Objection. *See* responses to Request for Production Nos. 4 and 20.

**REQUEST FOR PRODUCTION NO. 23:**

Please provide any and all documents in your possession, custody, or control relating to contractors, inspectors, or any other individuals retained to inspect, investigate, repair or replace the Waverly Apartments allegedly damaged as a result of the August 29, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

Please provide any and all documents in your possession, custody, or control relating to contractors, inspectors, or any other individuals retained to inspect, investigate, repair or replace the Arbor Gate Apartments allegedly damaged as a result of the August 29, 2005 incident.

**RESPONSE:** Such documents relating to Arbor Gate are irrelevant to this dispute.

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 19 of 27

**REQUEST FOR PRODUCTION NO. 25:**

Please provide any and all documents in your possession, custody or control which relate to inspections of alleged damage or the repair or replacement of alleged damage at the Waverly Apartments as a result of the August 29, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

Please provide any and all documents in your possession, custody or control which relate to inspections of alleged damage or the repair or replacement of alleged damage at the Arbor Gate Apartments as a result of the August 29, 2005 incident.

**RESPONSE:** Objection. Requests with respect to Arbor Gate are not relevant to this dispute. Notwithstanding this objection, all such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents relating to any inspections and/or appraisal of the Waverly Apartments conducted from January 1, 2000 to present.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents relating to any inspections and/or appraisal of the Arbor Gate Apartments conducted from January 1, 2000 to present.

**RESPONSE:** Objection. This request relates to Arbor Gate Apartments which is irrelevant to the dispute between the parties. Notwithstanding the objection, Maxus will produce responsive documents, namely:

- Purchase appraisal conducted by CBRE CB Richard Ellis, dated July 7, 2004.

- Lender's inspection.

- Environmental Phase I conducted by Underground Environmental Services, Inc. dated July 13, 2004.

- Property Condition Assessment conducted by Underground Environmental Services, Inc. dated July 13, 2004.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce a contents list for each property that reflects business or person property that you allege in this action was lost, damaged or destroyed.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce the complete file of every expert that you have retained in this matter, including every report (including drafts) and billing records prepared by each expert.

**RESPONSE:** Objection. The files of the experts are retained by the experts themselves and appropriate documents can be produced pursuant to subpoena duces tecum.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce any and all items(s) that you intend to introduce as exhibits at the trial of this matter.

**RESPONSE:** Objection. Request for Production No. 31 improperly seeks information which invades the work product privilege.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all statements given by any individual that relates these proceedings.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 33:**

Please provide any and all documents showing that the damages claimed were due to a covered cause of loss.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 34:**

Please provide any and all documents relating to the basis of any allegations that RSUI, their employees and/or representatives acted in bad faith or otherwise engaged in vexatious refusal.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 35:**

Please provide any and all documents relating to the basis of all allegations in your Complaint that RSUI is liable to you for the damages asserted together with penalties pursuant to R.S.Mo. Sections 375.296 and 375.420, or any other penalty statute.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

Please provide any and all documents in your possession, custody, or control relating to or relied upon in the negotiations, procurement, placement, drafting, execution or delivery of the RSUI policy.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

Please provide any and all documents in your possession, custody or control relating to or reflecting oral or written communications with RSUI relative to the August 29, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

Please provide any and all documents in your possession, custody or control relating to or reflecting oral or written communications with any person or entity relating to the RSUI claim.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

Please provide any and all documents in your possession, custody or control discussing, relating to, describing, or in any way reflecting the coverages, terms, conditions, limitations, or exclusions of the RSUI policy.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

Please provide any and all documents in your possession, custody or control which discuss relate or in way reflect your opinions, analyses, conclusions, interpretations or understanding of the RSUI policy, as it pertains to coverages and limits of coverage.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

Please provide any an all correspondence, notes, memoranda or other documents in your possession, custody or control which relate to oral or written communications with RSUI and you regarding the Waverly Apartments.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

Please provide any an all correspondence, notes, memoranda or other documents in your possession, custody or control which relate to oral or written communications with RSUI and you regarding the Arbor Gate Apartments.

**RESPONSE:** Objection. The Arbor Gate Apartments are irrelevant to the dispute between the parties.

**REQUEST FOR PRODUCTION NO. 43:**

Please provide any and all documents in your possession, custody or control which relate to your calculations of damage to the Waverly Apartments as a result of the August 29, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 44:**

Please provide any and all documents in your possession, custody or control which relate to your calculations of damage to the Arbor Gate Apartments as a result of the August 29, 2005 incident.

**RESPONSE:** Objection. The Arbor Gate Apartments are irrelevant to the dispute between the parties.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce all documents relating to the allegations in your Complaint and/or subsequent supplemental and amended pleadings.

**RESPONSE:** Objection. Request for Production No. 45 is vague, ambiguous, and overbroad.

**REQUEST FOR PRODUCTION NO. 46:**

Please provide any and all documents in your possession, custody or control which support your claims for coverage under the RSUI policy.

**RESPONSE:** Objection. Request for Production No. 46 is vague, ambiguous, and overbroad.

**REQUEST FOR PRODUCTION NO. 47:**

Please provide any and all documents relating to the monies and expenses paid or incurred by you related to interim, temporary and/or permanent repairs.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 48:**

Please provide any and all documents evidencing proofs of loss.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 49:**

Please provide any and all settlement agreements related to insurance claims made by you concerning the August 29, 2005 incident.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

**REQUEST FOR PRODUCTION NO. 50:**

Please provide any and all documents in your possession, custody or control which describe, discuss or in any way involve the August 29, 2005 incident at the Waverly Apartments.

**RESPONSE:** Objection. Request for Production No. 50 is vague, ambiguous and overbroad.

**REQUEST FOR PRODUCTION NO. 51:**

Please provide any and all documents in your possession, custody or control which describe, discuss or in any way involve the August 29, 2005 incident at the Arbor Gate Apartments.

**RESPONSE:** Objection. Request for Production No. 51 is vague, ambiguous and overbroad and irrelevant as it relates to Arbor Gate.

**REQUEST FOR PRODUCTION NO. 52:**

All documents concerning your attempts to mitigate damages allegedly sustained as a result of Hurricane Katrina.

**RESPONSE:** All such non-objectionable documents have been or will be produced.

Case 4:06-cv-00750-ODS   Document 72-4   Filed 10/12/07   Page 26 of 27

Respectfully submitted,

_____

Michael J. Abrams     Mo. Bar No. 42196
mabrams@lathropgage.com
LATHROP & GAGE L.C.
2345 Grand Boulevard, Suite 2500
Kansas City, MO 64108
(816) 292-2000
(816) 292-2001 FAX
ATTORNEYS FOR PLAINTIFF
MAXUS REALTY TRUST, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above was deposited in the United States mail, postage prepaid, addressed to the following:

Courtney E. Murphy
Clausen Miller P.C.
One Chase Manhattan Plaza, 39th Floor
New York, NY 10005
(212) 805-3908
(212) 805-3939 Facsimile

ATTORNEYS FOR DEFENDANT
RSUI INDEMNITY COMPANY

Date:  May 30, 2007                 _____
                                    Attorneys for Plaintiff