# EXHIBIT B

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE WESTERN DISTRICT OF MISSOURI

 3   MAXUS REALTY TRUST, INC.,      *
               Plaintiff,           *
 4                                  *
     VS.                            *    CASE NO. 06-0750-CV-W-ODS
 5                                  *
     RSUI INDEMNITY COMPANY,        *
 6             Defendant.           *

 7

 8

 9   ***********************************************************

10                    ORAL AND VIDEOTAPED DEPOSITION

11                                 OF

12                            CLIFF CHADWELL

13   ***********************************************************

14

15

16

17           ANSWERS AND DEPOSITION OF CLIFF CHADWELL, produced as a

18   witness at the instance of the Defendant, taken in the

19   above-styled and -numbered cause on the 7th day of September,

20   A.D., 2007, beginning at 10:09 a.m., before Carrie del Angel, a

21   Certified Shorthand Reporter in and for the State of Texas, in

22   the offices of Esquire Deposition Services, located at 1700

23   Pacific Avenue, Suite 4750, Dallas, Texas, in accordance with

24   the Federal Rules of Civil Procedure and the agreement

25   hereinafter set forth.
```

Esquire Deposition Services           1700 Pacific Avenue, Suite 4750                 Dallas, Texas 75201
Phone (214) 257.1436                              800-852-9737                          Fax (214) 954-4111
Electronically signed by Carrie del Angel (501-159-496-0133)
Case 4:06-cv-00750-ODS   Document 78-2   Filed 10/29/07   Page 2 of 6

```
 1      A.   No.
 2      Q.   Had anyone given you any direction as to what to
 3 inspect and what not to inspect at the Waverly location?
 4      A.   Are you -- I'm -- I'm not really clear on how I --
 5 what you're looking for there.
 6      Q.   Okay.  If I can, I'm going to show to you what's been
 7 marked as McRobert Exhibit 8 of July 31st, 2007, and, for your
 8 convenience, I put a red tab on the initial page that I'd take
 9 a -- and I'd request that you take a look at.
10      A.   Okay.  Oh, okay.
11           MR. ABRAMS:  And this is the -- this is the
12 letter from Rob Thompson?
13      A.   No, this is from me.
14           MS. MURPHY:  No, this is --
15           MR. ABRAMS:  I'm -- I'm sorry, from -- from Mr.
16 Chadwell to Rob Thompson, dated December 16, 05, right?
17           MS. MURPHY:  Right.
18           MR. ABRAMS:  Okay.
19      A.   Is Robert Thompson an employee of Maxus?
20      Q.   (BY MS. EVANS)  I don't know, sir.  It's your
21 letter.
22           MR. ABRAMS:  No, this is -- this is the lawyer.
23 This -- he's the outside lawyer.
24           THE WITNESS:  Okay.
25      A.   And this is what I was -- I mean, whenever they asked
```

Esquire Deposition Services     1700 Pacific Avenue, Suite 4750     Dallas, Texas 75201
Phone (214) 257.1436                   800-852-9737                Fax (214) 954-4111

Electronically signed by Carrie del Angel (501-152-496-0133)

Case 4:06-cv-00750-ODS   Document 78-2   Filed 10/29/07   Page 3 of 6

```
 1   me to go to the property, I was told to develop a scope of work
 2   for second floor only, and I -- I think -- I guess that had
 3   something to do with flood coverages, and they weren't
 4   interested in having me prepare anything for that first floor
 5   area.  I don't know.
 6        Q.   (BY MS. EVANS)  Do you remember the sum and substance
 7   of those discussions whereby someone -- or anyone indicated
 8   that they weren't interested in the first floor for scoping
 9   purposes?
10        A.   The only conversations that I remember were the
11   direction that I was given on the preparation of my scope, and
12   they said to consider only second floor and up.  And the
13   purposes for that, I don't know, that's just what they told me
14   to do.
15        Q.   And the letter indicates, does it not, that it's
16   arguably related to flooding as opposed to wind damage?  Do you
17   see where it says that?
18             MR. ABRAMS:  Where are you reading at?
19        Q.   (BY MS. EVANS)  From the sentence on the left side,
20   No consideration or cost estimates were given for first floor
21   units, floor trusses, sub flooring, lightweight concrete or any
22   site work, arguably related to flooding as opposed to wind
23   damage; do you see that?
24        A.   Yes.
25        Q.   Okay.  So is it based upon that that you understand
```

Esquire Deposition Services         1700 Pacific Avenue, Suite 4750         Dallas, Texas 75201
Phone (214) 257.1436                     800-852-9737                       Fax (214) 954-4111

Electronically signed by Carrie del Angel (501-152-496-0183)

Case 4:06-cv-00750-ODS   Document 78-2   Filed 10/29/07   Page 4 of 6

1   that the first floor of the Waverly location was not scoped

2   because of potential flood damage?

3        A.   Well, the first floor was not scoped because they

4   told me not to.

5        Q.   Okay.

6        A.   The -- and the reason that I made these notations

7   was that we wanted to have -- I mean, typically when we prepare

8   a scope, we prepare a scope for the reconstruction effort

9   needed to put a property back in pre loss condition, and I just

10  wanted to make sure that everybody understood that we were not

11  addressing anything on the first floor at the direction of

12  Maxus.

13       Q.   When you first went to the Waverly location, did you

14  perform an inspection?

15       A.   Yes.

16       Q.   And can you describe for me the -- the nature and

17  extent of that inspection of the Waverly location?

18       A.   Well, we -- I mean, initially I surveyed the property

19  to get an overview of the damages, and then we went and

20  identified the damages on the second floor areas.  I didn't

21  even go into the first floor areas.  They was still about -- I

22  say -- I don't know how deep it was, eight inches, 12 inches of

23  muck, and I didn't walk into any of those.  So I -- I inspected

24  second floor units and did a walk around of the buildings to

25  identify what needed to be addressed in the scope.

Esquire Deposition Services            1700 Pacific Avenue, Suite 4750          Dallas, Texas 75201
Phone (214) 257.1436                         800-852-9737                       Fax (214) 954-4111
Electronically signed by Carrie del Angel (501-159-496-0133)

Case 4:06-cv-00750-ODS   Document 78-2   Filed 10/29/07   Page 5 of 6

1    Q.   Okay.  Did you get into all the units of the second
2    floor Waverly?
3    A.   At some point, I did.  Initially, I only went into
4    probably 30, 35 of them.
5    Q.   And how did you go about determining those items
6    damaged by wind versus damaged by flood?
7    A.   I did not make that distinction.
8    Q.   Did someone make that distinction for you?
9    A.   Well, when they told me to write a scope on what it
10   would take to put the property in -- back into a pre loss
11   condition from second floor up, that was what I identified.
12   Q.   Is it fair to say that the scope that you put
13   together in connection with the Waverly location includes both
14   wind and flood damage for the second floor only?
15   A.   It -- it includes damages --
16   Q.   All --
17   A.   -- whether -- whether it be -- I mean, it was obvious
18   that flood waters had exceeded the floor level on the first and
19   second floor, but what my scope represented was what it would
20   take to put that unit or that building or that property back
21   into a pre loss condition.  I was not cognizant of flood waters
22   did this and wind did this.  I just took what I had and
23   identified what was there and what it would cost to replace it.
24   Q.   Okay.  When you were directed to only look at the
25   second floor, arguably because of flooding and flood damage,

Esquire Deposition Services                1700 Pacific Avenue, Suite 4750           Dallas, Texas  75201
Phone (214) 257.1436                                800-852-9737                      Fax (214) 954-4111
Electronically signed by Carrie del Angel (501-159-496-0133)

Case 4:06-cv-00750-ODS   Document 78-2   Filed 10/29/07   Page 6 of 6