UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAXUS REALTY TRUST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-0750-CV-W-ODS |
| v. | ) |
| | ) |
| RSUI INDEMNITY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**SUGGESTIONS IN SUPPORT OF MAXUS' MOTION *IN LIMINE* TO PRECLUDE RSUI INDEMNITY COMPANY FROM PRESENTING EVIDENCE OF SETTLEMENT NEGOTIATIONS OR DISCUSSIONS**

Plaintiff Maxus Realty Trust, Inc. ("Maxus") submits its Suggestions in Support of its Motion *in Limine* to preclude Defendant RSUI Indemnity Company ("RSUI") from introducing any evidence of settlement negotiations or discussions.

**ARGUMENT**

The general rule is that evidence and argument as to settlement negotiations should be excluded at trial to encourage parties to engage in such negotiations and not be penalized if a settlement cannot be reached. *Vogt v. Emmons*, 181 S.W.3d 87, 95 (Mo. App. E.D., 2005); *see also Hancock v. Shook*, 100 S.W.3d 786, 799 (Mo. 2003). Evidence of settlement offers is generally inadmissible because of the public policy favoring settlement of disputes. *Ullrich v. Cadco, Inc.*, ---S.W.3d---, 2008 WL 220657, at *7 (Mo. App. E.D. January 28, 2008).

The parties have been engaged in settlement negotiations and discussions for months before litigation was filed in this case and those discussions have continued during the litigation. Throughout this time, both parties have been exchanging reports and analysis regarding the nature and extent of the damages and the estimated costs to

repair same. Many of these reports were prepared prior to litigation for the sole purpose of facilitating settlement. Plaintiff is anticipating that RSUI will attempt to introduce those reports. If said reports are taken out of the settlement context, they inaccurately document the damages suffered by Maxus at the Waverly Apartments. To allow the reports or any evidence of these settlement negotiations or discussions to be admitted would unfairly prejudice the jury.

Thus, Maxus respectfully requests this Court exclude any evidence related to settlement negotiations and discussions between the parties.

## CONCLUSION

For the foregoing reasons, Plaintiff Maxus Realty Trust, Inc. requests that the Court grant the present motion *in limine*.

Respectfully submitted,

s/Amy Greenstein
Michael J. Abrams    Mo. Bar No. 42196
E-mail: mabrams@lathropgage.com
Amy Greenstein    Mo. Bar No. 59469
E-mail: agreenstein@lathropgage.com
LATHROP & GAGE L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108
(816) 292-2000
(816) 292-2001 FAX

Attorneys for Plaintiff Maxus
Realty Trust, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing on the 1st day of April, 2008 to the following:

>Courtney E. Murphy
>Clausen Miller P.C.
>One Chase Manhattan Plaza, 39th Floor
>New York, NY 10005
>(212) 805-3908
>(212) 805-3939 Facsimile
>
>George E. Wolf
>Douglas S. Beck
>Kelly G. Bieri
>Shook, Hardy & Bacon L.L.P.
>2555 Grand Boulevard
>Kansas City, MO 64108
>(816) 474-6550
>(816) 421-5547 Facsimile
>
>Attorneys for Defendant RSUI Indemnity Company

>s/ Amy Greenstein
>Attorneys for Plaintiff