IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MAXUS REALTY TRUST, INC., )
)
        Plaintiff, )
)
vs. )   Case No. 06-0750-CV-W-ODS
)
RSUI INDEMNITY COMPANY, )
)
        Defendant. )

ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION FOR
CLARIFICATION AND/OR RECONSIDERATION AND (2) GRANTING MOTION TO
DECIDE APPLICABLE LAW

Pending before the Court is Defendant's Motion for Clarification and/or Reconsideration of the Court's April 14, 2008 Order (Doc. # 146). That Motion is granted in part and denied in part. Also pending is Defendant's Motion that the Court Decide What Law Governs the case (Doc. # 152). That Motion is granted.

**I. Order of April 14, 2008**

    *A. Clarification of* in Limine *Ruling on the Damages Plaintiff Can Recover*

Defendant seeks clarification on the Court's rulings regarding the relevance of the anti-concurrent causation ("ACC") to the damages Plaintiff can recover. The Policy at issue excludes coverage for damage caused by water. "Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." The Court agrees that the ACC provision means that indivisible damage caused by wind and water is not recoverable. However, to the extent that wind caused damage that was separate and apart from any damage caused by water, even if the same portions of the property were previously or subsequently damaged by water, the wind damage is recoverable.

In other words, so long as wind and water are separate causes of separate damage to the property, the wind damage is recoverable. "Wind damage that precedes

the arrival of the storm surge and damage that happens after the storm surge arrives are separate losses from separate causes, and not concurrent causes or sequential causes of the same loss ('the loss' referred to by the provision in question)." <u>Dickinson v. Nationwide Mutual Fire Insurance Co.</u>, No. 1:06CV198 LTS-RHW (S.D. Miss. April 25, 2008).

As an illustration, if hurricane-force winds blow all the windows out of a house, and later, a storm surge completely destroys that same house, reducing it to a slab, the loss caused by the wind–destruction of the windows–is still recoverable. "The insurance benefits that apply to this covered loss vest in the insured at the time the loss occurs." <u>Id.</u> citing <u>Pitts v. American Security Life Insurance Co.</u>, 931 F.2d 351 (5th Cir. 1991); <u>Bland v. Bland</u>, 629 So.2d 582 (Miss. 1993).

*B. Reconsideration of* in Limine *Ruling on Whether Defendant May Present Evidence that Plaintiff Received Payments From Its Flood Insurance*

Defendant asks the Court to reconsider its *in limine* ruling that evidence of Plaintiff's receipt of flood insurance payments is inadmissible. Defendant contends that such evidence is relevant for at least three reasons. First, Defendant argues that the receipt of flood insurance benefits suggests that the Waverly sustained damage caused by water. Second, Defendant states that by accepting the flood insurance benefits, Plaintiff made an admission against interest that at least some of its damage was caused by flood. Plaintiff does not argue that the Waverly didn't sustain water damage; rather, it concedes the Waverly suffered significant flood damage. Plaintiff only seeks to recover for damage caused by wind. It agrees that it cannot recover for damage caused by water.

Finally, Defendant argues that Plaintiff's receipt of flood insurance benefits shows that it had the means to rebuild or repair the Waverly, and that this goes to whether Plaintiff can recover on a Replacement Cost Value ("RCV") basis. While the Court's Order Denying Motion for Partial Summary Judgment held that as of that date, it was unwilling to rule, as a matter of law, that Plaintiff had been unreasonable in not repairing the property, at this late stage, the Court now rules that Plaintiff cannot ask the jury to

2

award it damages on a RCV basis. Therefore, Plaintiff's receipt of flood insurance benefits is not relevant on this issue either. The Court declines to alter its Order *in limine* on this issue; evidence of Plaintiff's receipt of flood insurance payments is not admissible.

    *C. Reconsideration of* in Limine *Ruling on Whether Flagship Report is Admissible*

The Court reverses its *in limine* ruling that the Flagship Report is inadmissible as a report prepared only for settlement purposes. The estimate of damage contained in the Flagship Report was submitted in Plaintiff's insurance claim to Defendant. The Flagship Report was physically attached to Plaintiff's submission of its claim. Therefore, Defendant will be allows to present the Flagship Report as evidence of the damage the Waverly sustained. To the extent Plaintiff believes the Flagship Report omitted some component of recoverable damages, Plaintiff can make this argument to the jury.

## II. Governing Law

The Court grants Defendant's Motion to Decide What Law Governs this dispute. A federal court sitting in diversity applies the choice of law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Missouri follows § 193 of the Restatement (Second) of Conflicts in deciding what law applies to insurance issues. Crown Center Redev. Corp. v. Occidental Fire & Cas. Co., 716 S.W.2d 348, 358 (Mo. App. 1986). Under § 193, the general rule is that the applicable law is that of the state of the "principal location of the insured risk." Because the insured risk in this case was located in Mississippi, Mississippi law governs the interpretation of the insurance policy.[1] However, Plaintiff's claim for vexatious refusal to pay is a cause of action in tort. As Plaintiff is a Missouri corporation with its principal place of business in

---

[1] Plaintiff argues that Defendant has not articulated a difference between Mississippi and Missouri law, and that therefore, a choice of law analysis is not necessary. However, throughout this case both parties have relied almost solely on Mississippi law in arguing how the ACC provision applies to the facts of this case. Missouri law provides very little guidance on this issue.

Missouri, Plaintiff's injury from Defendant's alleged vexatious refusal to pay was incurred in Missouri. Therefore, Missouri has the greatest interest in the outcome of this claim. See Goede v. Aerojet General Corp., 143 S.W.3d 14, 24-25, n.6 (Mo. Ct. App. 2004) (citing Restatement (Second) Conflict of Laws § 145 and listing factors to be considered in the choice of law analysis for tort actions). Thus, Missouri's vexatious refusal to pay statute shall govern.

IT IS SO ORDERED.

DATE: May 16, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT